IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THALES AIRBORNE SYSTEMS S.A., and THALES AVIONICS S.A., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL AVIONICS SYSTEMS CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Thales Airborne Systems ("Thales Airborne") and Thales Avionics S.A. ("Thales Avionics") (collectively "Thales") for their Complaint against Defendant Universal Avionics Systems Corporation ("Universal") hereby allege as follows:

### Nature of the Claim

1. This civil action involves the willful infringement of United States Patents -- Numbers 5,488,563 ("the '563 Patent") and 5,638,282 ("the '282 Patent") (collectively, the "Thales Patents"). This claim is based on the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.* Copies of the Thales Patents are attached hereto as Exhibits A and B.

### The Parties

2. Plaintiff Thales Airborne is a French corporation with its corporate headquarters at 2, avenue Gay Lussac, 78851 Elancourt, France.

3. Plaintiff Thales Avionics is a French corporation with its corporate headquarters at 45, rue de Villiers, 92526 Neuilly, France.

4. Defendant Universal is an Arizona corporation with its principal place of business at 3260 E. Universal Way, Tucson, AZ 85706.

### Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Universal because Universal regularly transacts business in this district and markets and sells its infringing products in this district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

### The Thales Patents

8. On January 30, 1996, the '563 Patent, entitled "Method and Device for Preventing Collisions With the Ground for an Aircraft," was duly and legally issued to Dassault Electronique S.A., a predecessor of Thales Airborne, as assignee.

9. On June 10, 1997, the '282 Patent, entitled "Method and Device for Preventing Collisions With the Ground for an Aircraft," was duly and legally issued to Dassault Electronique S.A., a predecessor of Thales Airborne, as assignee.

10. Thales Airborne has granted a license of the Thales Patents to Thales Avionics, which also has the right to enforce the Thales Patents and to sue and to recover for infringement of the Thales Patents.

### Universal's Infringement of the Thales Patents

11. Thales and Universal are competitors in the market for avionics equipment, including terrain awareness and warning systems ("TAWS").

12. Universal makes, uses, imports, offers to sell and/or sells TAWS products, which it refers to as its Class A and Class B TAWS products (the "Universal TAWS Products").

13. The Universal TAWS Products infringe at least one claim of each of the Thales Patents, either literally or with only insubstantial differences.

14. Thales has been and will continue to be injured by Universal's infringement of the Thales Patents and is without an adequate remedy at law.

15. Thales put Universal on notice of Universal's infringement of the Thales Patents no later than May 27, 2005, by a letter from Thales' counsel dated May 26, 2005 (attached as Exhibit C). Nevertheless, Universal has continued to make, sell or offer for sale its infringing TAWS products.

16. Universal's infringement has been, and continues to be willful, so as to warrant enhancement of the damages awarded as a result of its infringement.

**Prayer for Relief**

WHEREFORE, Thales prays for judgment as follows:

A. That Universal has willfully infringed the Thales Patents;

B. That Universal, its officers, agents, servants and employees, and persons in active concert or participation with any of them, are preliminarily and permanently enjoined from making, using, importing, offering for sale, or selling the Universal TAWS Products and any other product that infringes, or induces or contributes to the infringement of, the Thales Patents, prior to the expiration of the Thales Patents, including any extensions;

C. That Thales be awarded monetary relief adequate to compensate Thales for Universal's acts of infringement within the United States prior to the expiration of the Thales Patents, including any extensions, and, due to the willful nature of Universal's infringement, that any such monetary relief be trebled and awarded to Thales with prejudgment interest;

D.  That Thales be awarded the attorneys' fees, costs and expenses that it incurs prosecuting its claim for infringement; and

E.  That Thales be awarded such other and further relief as this Court deems just and proper.

ASHBY & GEDDES

/s/ Steven J. Balick
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Thales Airborne S.A. and Thales Avionics S.A.*

OF COUNSEL:

Elliot E. Polebaum
Deneen J. Melander
FRIED FRANK HARRIS SHRIVER &
   JACOBSON LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 639-7000
Fax: (202) 639-7004

Dated: December 12, 2005
164481.1

4