IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THALES AIRBORNE SYSTEMS S.A. and THALES AVIONICS S.A., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL AVIONICS SYSTEMS CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 05-CV-853 (SLR) ) ) ) ) ) ) |

## UNIVERSAL'S ANSWER AND COUNTERCLAIM

For its Answer to the Complaint of Plaintiffs Thales Airborne Systems S.A. ("Thales Airborne") and Thales Avionics S.A. ("Thales Avionics") (collectively, "Thales"), and responding to like-numbered paragraphs, defendant Universal Avionics Systems Corporation ("Universal") states the following:

1.   Denied that this civil action involves willful infringement of U.S. Patent Nos. 5,488,563 (the "'563 patent") and 5,638,282 (the "'282 patent"). Admitted that the claim is based on the Patent Laws of the United States.

2.   Universal does not have sufficient information to admit or deny the allegations in paragraph 2, and therefore denies these allegations leaving Thales to its proofs.

3.   Universal does not have sufficient information to admit or deny the allegations in paragraph 3, and therefore denies these allegations leaving Thales to its proofs.

4.   Admitted.

5.   Admitted.

6. Denied.

7. Universal does not contest that venue is proper in this District. But, Universal contends that this case should be transferred to another judicial district pursuant to 28 U.S.C. § 1404(a). Universal reserves the right to seek transfer to a more convenient forum.

8. Admitted that the '563 patent, entitled "Method and Device for Preventing Collisions with the Ground for an Aircraft," issued to Dassault Electronique on January 30, 1996. Denied that the '563 patent was "duly and legally issued." Universal does not have sufficient information to admit or deny the remaining allegations in paragraph 8, and therefore denies these allegations leaving Thales to it proofs.

9. Admitted that the '282 patent, entitled "Method and Device for Preventing Collisions with the Ground for an Aircraft," issued to Dassault Electronique on June 10, 1997. Denied that the '282 patent was "duly and legally issued." Universal does not have sufficient information to admit or deny the remaining allegations in paragraph 9, and therefore denies these allegations leaving Thales to it proofs.

10. Universal does not have sufficient information to admit or deny the allegations in paragraph 10, and therefore denies these allegations leaving Thales to its proofs.

11. Denied.

12. Denied that Universal imports TAWS products. Admitted as to the remaining allegations in paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. Universal has not infringed at least one claim of each of the patents-in-suit.

### THIRD AFFIRMATIVE DEFENSE

19. The patents-in-suit are invalid under Title 35, Sections 102, 103 and/or 112 of the United States Code.

### FOURTH AFFIRMATIVE DEFENSE

20. The claims asserted by Thales are barred under the principles and doctrines of waiver, laches, acquiescence and/or equitable estoppel, due to Thales' action or inaction which has resulted in extreme prejudice to Universal.

### FIRST COUNTERCLAIM
### DECLARATORY JUDGMENT OF
### INVALIDITY AND NON-INFRINGEMENT

1. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States.

2. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a); and Thales has expressly invoked the jurisdiction of this Court. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

3. Defendant and counterclaimant Universal is a corporation organized and existing under the laws of the State of Arizona, having its principal place of business for TAWS in Tucson, Arizona.

4.  Upon information and belief, plaintiff and counterclaim defendant Thales Airborne Systems S.A. is a French corporation with a principal place of business in Elancourt, France.

5.  Upon information and belief, plaintiff and counterclaim defendant Thales Avionics S.A. is a French corporation with a principal place of business in Neuilly, France.

6.  According to their Complaint, the patents-in-suit were assigned to Thales Airborne and licensed to Thales Avionics.

7.  An actual justiciable case or controversy exists between Universal and Thales concerning the invalidity and non-infringement of the patents-in-suit.

8.  The TAWS manufactured and sold by Universal has not infringed and does not infringe any claim from either of the patents-in-suit.

9.  Each claim in each of the patents-in-suit is invalid under the provisions of Title 35, Sections 102, 103 and/or 112 of the United States Code.

WHEREFORE, Universal demands judgment as follows:

A.  Dismissing the Complaint for patent infringement with prejudice and denying Thales all relief requested therein;

B.  Finding that Universal's TAWS does not infringe any claim in U.S. Patent Nos. 5,488,563 and 5,638,282;

C.  Finding that U.S. Patent Nos. 5,488,563 and 5,638,282 are invalid;

D.  Awarding Universal its costs and disbursements in this action, including reasonable attorneys' fees; and

E.  Awarding Universal such other and further relief as this Court may deem just and proper.

OF COUNSEL:

Scott J. Bornstein
Greenberg Traurig, LLP
200 Park Ave, 34th Floor
New York, NY 10166
(212) 801-2100

Dated: January 17, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant
Universal Avionics Systems Corp*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2006, I electronically filed the foregoing Answer and Counterclaim with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Steven J. Balick
John G. Day
Tiffany Geyer Dydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE   18999

I hereby certify that on January 17, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Elliot E. Polebaum
Deneen J. Melander
Fried Frank Harris Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC   20004

_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

RLF1-2970276-1