IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THALES AIRBORNE SYSTEMS S.A. AND THALES AVIONICS S.A., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL AVIONICS SYSTEMS CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 05-853-SLR ) ) ) ) ) ) |

## REPLY TO COUNTERCLAIMS

Thales Airborne Systems S.A. and Thales Avionics S.A. (the "Thales Plaintiffs"), for their answer to the counterclaims of Defendant Universal Avionics Systems Corporation ("Universal") and responding to like numbered paragraphs, state as follows:

1. Admitted.

2. Admitted.

3. The Thales Plaintiffs admit that defendant and counterclaimant Universal is a corporation organized and existing under the laws of the State of Arizona. The Thales Plaintiffs do not have sufficient information to admit or deny the remaining allegations of paragraph 3.

4. Admitted.

5. Admitted.

6. Admitted.

7. The Thales Plaintiffs admit that there is an actual case or controversy between Universal and the Thales Plaintiffs concerning the invalidity and non-infringement of the patents in suit, and that this Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and that venue is proper and, except as so admitted, denies the allegations of paragraph 7.

8. Denied.

9. Denied.

### First Affirmative Defense

10. Defendant's counterclaims fail, in whole or in part, to state claims upon which relief can be granted.

### Second Affirmative Defense

11. Defendant's counterclaims are barred, in whole or in part, by the presumption of validity under 35 U.S.C. § 282.

### Third Affirmative Defense

12. Defendant's counterclaims are barred, in whole or in part, by the American rule against recovery of litigants' attorneys' fees.

### Fourth Affirmative Defense

13. Defendant's counterclaims are barred, in whole or in part, under the principles and doctrines of waiver, laches, acquiescence, and/or equitable estoppel due to Universal's actions or inactions that have resulted in prejudice to the Thales Plaintiffs.

### Fifth Affirmative Defense

14. Defendant's counterclaims are barred, in whole or in part, by the doctrine of collateral estoppel.

WHEREFORE, the Thales Plaintiffs pray that the Court issue judgment:

A. Dismissing Defendant's counterclaims with prejudice;

B. Awarding the Thales Plaintiffs its costs and reasonable attorneys' fees in defending against Defendant's counterclaims; and

C. Awarding the Thales Plaintiffs such other further relief as the Court deems just and proper.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorney for Thales Airborne Systems S.A. and Thales Avionics S.A.*

*Of Counsel:*

Elliott E. Polebaum
Deneen J. Melander
Joseph J. LoBue
FRIED, FRANK, HARRIS,
    SHRIVER & JACOBSON LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 639-7000
Facsimile: (202) 639-7003

Dated: February 6, 2006
166383.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2006, the attached **REPLY TO COUNTERCLAIMS** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Scott J. Bornstein, Esquire<br>Greenberg Traurig LLP<br>Met Life Building<br>200 Park Avenue<br>New York, NY 10166 | <u>VIA FEDERAL EXPRESS</u> |

/s/ John G. Day
_____
John G. Day

165219.1