IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THALES AIRBORNE SYSTEMS S.A. and )
THALES AVIONICS S.A., )
)
               Plaintiffs, )
)
v. )    C.A. No. 05-853 (SLR)
)
UNIVERSAL AVIONICS SYSTEMS )
CORPORATION, )
)
               Defendant. )
)

**UNIVERSAL'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF ITS CROSS-MOTION
TO TRANSFER TO THE DISTRICT OF NEW JERSEY**

OF COUNSEL:

Scott J. Bornstein
Allan A. Kassenoff
Greenberg Traurig, LLP
200 Park Ave, 34th Floor
New York, NY 10166
(212) 801-9200

Dated: February 21, 2006

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant
Universal Avionics Systems Corp.*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................... ii

I.   Argument ................................................................................................................. 2

   A. Section 1404(a) and the Jumara Factors ......................................................... 2

   B. Regardless of Whether the Delaware Action is Viewed as First-Filed, the Court
      Should Grant Universal's Cross-Motion to Transfer ...................................... 5

   C. The Presence of Two Additional Patents in the New Jersey Action Further
      Renders the "First-Filed" Rule Inapplicable ................................................... 6

   D. Delaware has Minimal Ties to the Dispute and to the Parties ........................ 7

   E. Thales Incorrectly Asserts that all of the Claims Raised in the New Jersey Case
      Must be Resolved in this Action ..................................................................... 8

II.  Conclusion ............................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*2000 Int'l Ltd. v. Chambers*,
2000 WL 1801835 (D. Kan. Nov. 6, 2000) ...... 8

*AGS Int'l Servs. S.A. v. Newmont USA Ltd.*,
346 F. Supp. 2d 64 (D.D.C. 2004) ...... 7

*APV N. Am. v. Sig Simonazzi N. Am., Inc.*,
295 F. Supp. 2d 393 (D. Del. 2002) ...... 6, 7

*Amazon.com v. Cendant Corp.*,
404 F. Supp. 2d 1256 (W.D. Wash. 2005) ...... 4

*Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.*,
2005 WL 2786691 (D. Del. Oct. 26, 2005) ...... 9

*Ball Corp. v. Weirton Steel Corp.*,
1986 WL 13761 (N.D. Ill. Nov. 28, 1986) ...... 8

*Bayer Bioscience N.V. v. Monsanto Co.*,
2003 WL 1565864 (D. Del. Mar. 25, 2003) ...... 9

*Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*,
265 F. Supp. 2d 445 (D. Del. 2003) ...... 5

*Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.*,
185 F. Supp. 2d 407 (D. Del. 2002) ...... 5

*Dippold-Harmon Enters., Inc. v. Lowe's Cos.*,
2001 WL 1414868 (D. Del. Nov. 13, 2001) ...... 6

*E.E.O.C. v. University of Pa.*,
850 F.2d 969 (3d Cir. 1988) ...... 6

*Genentech Inc. v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 1993) ...... 5

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995) ...... 2

*Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*,
1996 WL 328594 (D. Del. Apr. 23, 1996) ...... 5

RLF1-2983314-1

*Penda Corp. v. STK, LLC,*
2004 WL 2004439 (E.D. Pa. Sept. 7, 2004) ..................................................................................4

*Reisman v. Van Wagoner Funds, Inc.,*
2002 WL 1459384 (D. Del. June 7, 2002) .....................................................................................6

*Rohm & Haas Co. v. Brotech Corp.,*
770 F. Supp. 928 (D. Del. 1991) ....................................................................................................9

*Salperto v. Pohland,*
1994 WL 794756 (D. Del. Jan. 6, 1994) .......................................................................................6

*Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship,*
882 F. Supp. 359 (D. Del. 1994) ....................................................................................................6

*Virgin Wireless, Inc. v. Virgin Enter. Ltd.,*
201 F. Supp. 2d 294 (D. Del. 2002) ..........................................................................................2, 4

## STATUTES

28 U.S.C. § 1404(a) ...............................................................................................................2, 4, 6, 9

Defendant, Universal Avionics Systems Corporation ("Universal"), submits this reply memorandum of law in support of its cross-motion to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of New Jersey. The facts supporting this motion are fully set forth in Universal's moving memorandum. Nothing is gained by repetition. This memorandum addresses several misstatements of law and fact in plaintiffs Thales Airborne Systems S.A. and Thales Avionics S.A.'s (collectively, "Thales") opposition brief. In particular, Thales improperly suggests that objective facts favor litigating this case in Delaware; and that the first-filed rule applies.

## I. Argument

### A. Section 1404(a) and the *Jumara* Factors

As previously set forth in Universal's Cross-Motion to Transfer, the factors that must be considered in deciding a motion to transfer, pursuant to 28 U.S.C. § 1404(a), are enumerated in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The first factor is Thales' forum preference. Where, as here, a plaintiff selects a forum in which it does not reside, plaintiff's choice of forum is entitled to little, if any, deference. *Virgin Wireless, Inc. v. Virgin Enter. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002). The second factor, Universal's forum preference, obviously favors New Jersey. While Universal is not incorporated in New Jersey, it submitted to New Jersey jurisdiction in an effort to obtain control over Thales because New Jersey is "now Thales world wide headquarters for avionics support." (Kassenoff Decl., Ex. 8, p. 2).[1]

---

[1] Plaintiffs assert that Thales Avionics, Inc., the New Jersey entity, has no connection to the dispute in this case. But, publicly available documents suggest otherwise. (*See, e.g.*, Kassenoff Decl., Exs. 7-8). Universal reserves the right to conduct limited discovery to determine whether Thales Avionics, Inc. is operating as an alter ego to the named parties.

Thales asserts that the third factor, whether the claims arose elsewhere, and the tenth factor, the local interest in deciding the controversy, both weigh in favor of Delaware because Universal allegedly sells TAWS in the state. While Universal has made *de minimis* sales of TAWS in Delaware, sales have also occurred in New Jersey. In addition, Thales does not contend that any documents or witnesses are located in Delaware. Because Thales has substantial ties to New Jersey, including potential witnesses and documents, these factors favor transfer.

Thales next asserts that the seventh factor, enforceability of a judgment, favors Delaware. It bases its position on alleged lack of jurisdiction over Thales in New Jersey. But, because Thales has comparably greater contacts in New Jersey, this factor is neutral.

Thales asserts that the eighth factor, practical considerations regarding the ease, speed or expense of trial, also weighs against transfer to New Jersey. But, Thales fails to acknowledge that with no witnesses or documents in this jurisdiction, the cost of litigation and trial would likely be higher. This factor favors transfer.[2]

The ninth factor, the administrative difficulty resulting from court congestion, supports transfer. According to statistics recited in Exhibit 4 to Thales' LoBue Declaration, civil cases in Delaware have a substantially longer median time from filing to disposition than in New Jersey (10.9 months in Delaware compared to 7.3 months in New Jersey). Thales points out that the median time from filing to trial in civil cases in Delaware is 13.2 months shorter than in New Jersey and that the "number of weighted

---

[2] Thales also suggests that jurisdiction in Delaware is favored because Universal was the subject of litigation in this judicial district before Magistrate Judge Thynge. But, those other litigations involved different parties and different patents relating to different technologies. If Thales truly believed the cases were related, it would have filed the instant case as a related case. It did not.

3

filings per judgeship is meaningfully higher in the District of New Jersey (493) compared to this District (422)." (*Id.*) However, the statistics cited by Thales are misleading for several reasons. First, they "do not separate types of trials and thus do not account for the great complexity of patent cases, which take considerably longer to come to trial." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005); *see also Penda Corp. v. STK, LLC*, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004) ("Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worthy of great weight."). In addition, because "[o]nly one in ten patent lawsuits are decided at trial," statistics relating to median time from inception to disposition are more telling.[3] This factor is either neutral or favors transfer to New Jersey.

In deciding a § 1404 transfer motion, the Court must also examine the statutory criteria contained in 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Here, the "interests" include the lack of a meaningful physical presence by any of the parties in Delaware, that none of the parties are incorporated in Delaware, and the fact that Thales has a significant presence in New Jersey. In addition, as described below and in Universal's moving memorandum (pages 10-11), despite threatening infringement of the '563, '282, '631 and '654 patents, Thales only asserted the '563 and '282 patents in the instant case. Thus, resolution of the Delaware action could not dispose of all remaining issues between the parties. In the interest of justice, this Court should transfer the pending action to New Jersey.

---

[3] *See* Exhibit 1 to the Declaration of Alyssa M. Schwartz filed contemporaneously herewith.

4

B.  **Regardless of Whether the Delaware Action is Viewed as First-Filed, the Court Should Grant Universal's Cross-Motion to Transfer**

Application of the first-filed rule is not inviolate. In fact, the Federal Circuit has expressly noted that departures from the first-filed rule are common. *Genentech Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("exceptions, however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum."). As set forth below and in Universal's moving memorandum, the present facts justify departure from the first-filed rule and transfer to New Jersey.

Many courts have refused to apply the first-filed rule when two cases are filed on the same day (let alone one hour apart). (*See* Universal's Cross-Motion to Transfer at pages 7-8). Thales, however, asserts that the cases cited by Universal "have no value here [as] [n]one of the cited cases purports to apply Federal Circuit law" and some of the cases "deal with this issue as a question of transfer." Both of these arguments, however, fail. First, application of the first-filed rule is a matter of regional circuit law and not Federal Circuit law. In fact, many of the cases cited by Thales apply Third Circuit law to this analysis. *See, e.g., Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*, 265 F. Supp. 2d 445, 448 (D. Del. 2003) (holding that "[w]hen reviewing a motion to enjoin a second suit involving the same basic facts, the Court is guided by the Third Circuit's 'first-filed' rule . . ."); *Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.*, 185 F. Supp. 2d 407, 412 (D. Del. 2002) (citing Third Circuit law in a patent action for the proposition that "courts have rejected the first filed rule in the face of bad faith or forum shopping"); *Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*, 1996 WL 328594, at *2 (D. Del. Apr. 23, 1996) (citing Third Circuit law in a patent action for its holding that the "'first filed rule' gives the district court hearing the first filed case the power to enjoin

5

later filed cases involving the same parties and the same issues"); *Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship*, 882 F. Supp. 359, 364 (D. Del. 1994).

Second, the first-filed rule is a relevant factor in deciding a motion to transfer. *See, e.g., Reisman v. Van Wagoner Funds, Inc.*, 2002 WL 1459384, at *1-2 (D. Del. June 7, 2002) (Robinson, J.) (applying the first-filed rule in connection with defendants' motion to transfer); *Dippold-Harmon Enters., Inc. v. Lowe's Cos.*, 2001 WL 1414868, at *4-5 (D. Del. Nov. 13, 2001) (applying the first-filed rule in connection with defendant's motion to transfer); *Salperto v. Pohland*, 1994 WL 794756, at *3 (D. Del. Jan. 6, 1994) ("Finally, in deciding a motion to transfer, district courts are to evaluate the interest of justice. 28 U.S.C. § 1404(a). Within the rubric of this criterion, district courts consider various factors, including: judicial economy, the availability of compulsory process, and the first-filed rule").

### C. The Presence of Two Additional Patents in the New Jersey Action Further Renders the "First-Filed" Rule Inapplicable

Two of the four patents asserted in the New Jersey action, the '631 and '654 patents, were not asserted by Thales in the Delaware action. The absence of these two patents from the instant action provides an additional basis to hold the first-filed rule inapplicable. It is well-settled that the purpose of the first-filed rule is to prevent "concurrent duplicative litigation of the <u>same issues</u> between the <u>same parties</u> in more than one federal court." *APV N. Am. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 396 (D. Del. 2002) (citing *E.E.O.C. v. University of Pa.*, 850 F.2d 969, 971-72 (3d Cir. 1988) (emphasis added)). Because the '631 and '654 patents were not asserted by Thales in Delaware, but are the subject of the New Jersey action, the cases "implicate different

patents." *APV*, 295 F. Supp. 2d at 398. Accordingly, the first-filed rule should not be applied.

Thales attempts to distinguish the *APV* decision by asserting that the "different patents" at issue in the second filed case "relat[ed] to "different technology." But, the patents asserted by Thales in Delaware involve different technologies than the two additional patents asserted in New Jersey. Specifically, the '563 and '282 patents asserted in Delaware each derive from a common French application, dated April 7, 1992. Both patents contain detailed structural and functional requirements relating to a very specific type of aerial navigation aid. The '631 and '654 patents are unrelated to the '563 and '282 patents and issued to different inventors. The '631 patent defines a collision-prevention device which requires, *inter alia*, a means for computing an air floor, a means for predicting an air position based upon a precise algorithm and a means for comparing a predicted position to an air floor to trigger an alarm when the air position is beneath an air floor. The '654 patent defines an aerial navigation aid which requires, *inter alia*, the display of contours using velocity vectors. These and other technical distinctions result in wholly unrelated non-infringement contentions between the patents asserted in Delaware and the additional patents involved in the New Jersey action.

### D. Delaware has Minimal Ties to the Dispute and to the Parties

In an effort to justify application of the first-filed rule, Thales overstates that Delaware has "significant connections to the dispute and the parties." Its position is principally based on the presence of a single individual -- Rick Houtz -- who resides in Delaware. Mr. Houtz is a Field Service Engineer who works out of his home and provides technical support for surrounding jurisdictions. This can hardly be characterized as a significant connection. *See, e.g., AGS Int'l Servs. S.A. v. Newmont USA Ltd.*, 346 F.

Supp. 2d 64, 75 (D.D.C. 2004) (declining to find the defendant subject to general jurisdiction based upon the presence of a single employee within the jurisdiction); *2000 Int'l Ltd. v. Chambers*, 2000 WL 1801835, at *4 (D. Kan. Nov. 6, 2000) (declining to find the defendant subject to general jurisdiction based on "the presence of a single independent agent" within the jurisdiction); *Ball Corp. v. Weirton Steel Corp.*, 1986 WL 13761, at *2 (N.D. Ill. Nov. 28, 1986) (in connection with determining whether venue was proper, holding that the existence of a "single employee in the district who works out of his home" is insufficient to constitute "a regular and established place of business in th[e] district").[4]

### E.     Thales Incorrectly Asserts that all of the Claims Raised in the New Jersey Case Must be Resolved in this Action

Thales argues that all of the claims (both infringement and declaratory) raised in both the Delaware and New Jersey actions "*must* be resolved in the Delaware Action and *may not* be resolved in the New Jersey Action." According to Thales, "once Thales filed its infringement complaint in Delaware, Universal was required to assert its declaratory judgment claims as compulsory counterclaims in the Delaware Action. Failure to do so precludes Universal from asserting such claims in any other proceeding." Under Thales' proposed "rule," a first-filed infringement suit would never give way to a second filed declaratory judgment action as the "declaratory claims are compulsory counterclaims which must be asserted in the [first] Action or are forever lost." Thales cites no support for its "rule" and, more importantly, Thales' "rule" is contradicted by controlling case

---

[4] Thales noted that "Universal maintains four separate authorized distributors in Delaware." However, missing from its brief was acknowledgement that the authorized dealers are wholly independent of Universal. Rather, they are freestanding sales and service entities that sell a full range of avionics products from Universal as well as its competitors. Similar authorized dealers exist in New Jersey and in most U.S. jurisdictions.

8

law. *See, e.g., Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.*, 2005 WL 2786691, at *4 (D. Del. Oct. 26, 2005) (Robinson, J.) (granting defendant's motion to transfer a patent infringement case to the Northern District of New York, the site of a parallel declaratory judgment action that had been filed *after* the infringement action had been filed in Delaware); *see also Bayer Bioscience N.V. v. Monsanto Co.*, 2003 WL 1565864, at *1-2 (D. Del. Mar. 25, 2003).[5]

## II.    Conclusion

For the foregoing reasons, Universal respectfully requests that Universal's Cross-Motion to Transfer this action to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a), be granted.

OF COUNSEL:

Scott J. Bornstein
Allan A. Kassenoff
Greenberg Traurig, LLP
200 Park Ave, 34th Floor
New York, NY  10166
(212) 801-9200

Dated: February 21, 2006

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Defendant*
*Universal Avionics Systems Corp.*

---

[5] Thales' citation to *Rohm & Haas Co. v. Brotech Corp.*, 770 F. Supp. 928 (D. Del. 1991) is equally unavailing. *See id.* at 933 (holding that "later filed antitrust and fraud claims alleging fraud on the PTO[] are logically related to the patent [infringement] claims at issue in the earlier filed suit" and, therefore, were compulsory counterclaims that should have been brought in the first-filed infringement suit).

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Steven J. Balick
John G. Day
Tiffany Geyer Dydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE   18999

I hereby certify that on February 21, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS AND ELECTRONIC MAIL

Elliot E. Polebaum
Deneen J. Melander
Fried Frank Harris Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC   20004

_____
Alyssa M. Schwartz (#4351)
schwartz@rlf.com