IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THALES AIRBORNE SYSTEMS S.A. and THALES AVIONICS S.A., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-853 (SLR) |
| UNIVERSAL AVIONICS SYSTEMS CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF ALYSSA M. SCHWARTZ IN SUPPORT OF UNIVERSAL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS CROSS-MOTION TO TRANSFER TO THE DISTRICT OF NEW JERSEY**

I, Alyssa M. Schwartz, do hereby declare:

I am an attorney with the law firm of Richards, Layton & Finger, P.A, counsel to Defendant Universal Avionics Systems Corporation ("Universal") in the above-captioned action. I make this declaration in support of Universal's Reply Memorandum of Law in Support of its Cross-Motion to Transfer to the District of New Jersey.

1. Attached as Exhibit 1 is a true and correct copy of an article entitled *Only One In Ten Patent Lawsuits Decided At Trial: Survey*, IP Law360 (Thursday, February 16, 2006).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Alyssa M. Schwartz, Esq.

Dated: February 21, 2006

RLF1-2983300-1

# EXHIBIT 1

**Only One In Ten Patent Lawsuits Decided At Trial: Survey**
IP Law360 (Thursday, February 16, 2006)

Only one in ten patent lawsuits are decided at trial, a ratio that has hardly changed in the past decade despite dramatic growth in litigation, an in-depth survey of federal dockets has found.

Patent litigation nearly doubled between 1991 and 2004. But the outcome of those cases held remarkably steady. Litigation ended with a settlement more than 64% of the time, while dismissals have hovered around 25%, according to analysis conducted by Maryland-based consulting firm Invotex Group.

In the period surveyed, the percentage of settlements dropped only 4%, while dismissals rose only 3%. Cases that reached a decision remained the same.

The data confounds many experts, who have predicted that the share of settlements and dismissals would climb even higher amid a glut of patent-holding companies, weak patent quality and discord between district courts and the U.S. Court of Appeals for the Federal Circuit.

But the figures show that the risk of patent litigation is up, while the prospect for getting out of litigation quickly is no greater than it was 15 years ago, said Eric A. Prager, principal at IP law firm Darby & Darby PC in Seattle, Wash.

"What makes this particularly surprising is that the period under consideration is one in which there has been much hand-wringing about improvidently issued patents," Prager said.

One explanation is the presumed validity of patents once they have been issued. There is a high burden to show that a patent is invalid, and the proof structure has certain consequences that promote continuity in the outcome of patent cases.

The slight rise in dismissals can be attributed to the Federal Circuit's continuous approval of summary judgment as a way to dispose of patent cases, according to attorney Dennis Crouch of McDonnell Boehnen Hulbert & Berghoff LLP in Chicago, Ill.

"In addition, the traditionally fact-intensive issues of infringement under the doctrine of equivalents are raised less often today because intervening case law has greatly weakened that cause of action," Crouch said.

Although settlements decreased slightly in 2004, they are nevertheless higher than in 1990, when their share of case terminations jumped 9% before remaining steady over the next decade.

The earlier jump in settlements was a testament to the increased cost of patent litigation, according to Douglas A. Miro, attorney with Ostrolenk Faber Gerb & Soffen LLP in New York.

"Because of substantial increases in the cost of patent litigation over the past decade, and the last five years in particular, early settlements are more desirable for a patent defendant, even in cases where the defendant believes it will ultimately prevail," Miro said.

Litigation costs can also be blamed for the slight increase in percentage of dismissals due to the overall increase in frivolous claims, according to Miro.

All Content Copyright 2006, Portfolio Media, Inc. | customerservice@portfoliomedia.com-- Page 1

"We see this, for example, with the recent rise of patent trolls. As the increase in litigation costs and increased incentives to plaintiffs causes more cases to be filed, both frivolous and non-frivolous, more dismissals are a natural byproduct of that environment," Miro said.

Not everyone was surprised by the consistency. Poor patents, whether they are from the USPTO or from patent-holding firms, do not make it to court if they aren't strong and therefore won't affect litigation statistics, according to Ruffin A. Cordell, principal at Fish & Richardson in Washington, D.C.

"The reality is that while people can argue about good and bad patents, the patents that get litigated are usually those that have been vetted a bit. The resources required for litigation are significant and it may not be worth risking trial or litigation if they haven't done due diligence," Cordell said.

The dramatic increase in litigation alone, however, has been a boon to law firms, which have been growing and multiplying to address the new-found interest in IP that has developed in the past few decades.

"Over this period there has been an awakening among companies as to the value of their IP. As they have come to realize the value of monetizing IP, they're looking for more opportunities to license and enforce with litigation," Prager said.

The research was conducted by the Inter-university Consortium for Political and Social Research (ICPSR), which is part of the Institute for Social Research at the University of Michigan and was analyzed by Invotex Group.

Settlements include consent judgments and voluntary dismissals, while dismissals include transfers of cases to other districts or courts, as well as dismissals of cases for want of prosecution or lack of jurisdiction. Decisions include default judgments, jury and bench trials and arbitration awards.

--By Erik E. Larson, erik.larson@portfoliomedia.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Steven J. Balick
John G. Day
Tiffany Geyer Dydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P. O. Box 1150
Wilmington, DE  18999

I hereby certify that on February 21, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS AND ELECTRONIC MAIL

Elliot E. Polebaum
Deneen J. Melander
Fried Frank Harris Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004

Alyssa M. Schwartz (#4351)
schwartz@rlf.com