IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THALES AIRBORNE SYSTEMS S.A. )
and THALES AVIONICS S.A.,     )
                              )
          Plaintiffs,         )
                              )
     v.                       )    Civ. No. 05-853-SLR
                              )
UNIVERSAL AVIONICS SYSTEMS     )
CORPORATION,                  )
                              )
          Defendant.          )

**MEMORANDUM ORDER**

At Wilmington this $\partial l \gamma$ day of June, 2006, having

considered plaintiffs' motion to enjoin, defendant's motion to

transfer, and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion to transfer (D.I. 9)

is denied, for the reasons that follow:

1. **Introduction.** On December 12, 2005, at 8:34 am,

plaintiffs Thales Airborne Systems S.A. and Thales Avionics S.A.

filed a complaint for patent infringement against defendant

Universal Avionics Systems Corporation. (D.I. 1) That same day,

at 9:46 am, defendant filed a declaratory judgment action in the

District of New Jersey against Thales S.A. asserting

noninfringement and invalidity of four patents.[1] This action

only involves U.S. Patent No. 5,488,563 ("the '563 patent") and

---

[1]The New Jersey action was later amended to include both
Thales Airborne Systems S.A. and Thales Avionics S.A. as
defendants.

U.S. Patent No. 5,638,282 ("the '282 patent"), whereas the New Jersey action also involves U.S. Patent Nos. 5,414,631 ("the '631 patent") and 6,088,654 ("the '654 patent"). Plaintiffs filed a motion to enjoin the New Jersey proceedings. (D.I. 5, 6) Defendant then filed an answer and this cross motion to transfer to the District of New Jersey. (D.I. 7, 9, 10) Defendant filed its opposition to plaintiffs' motion to enjoin, to which plaintiffs have replied. (D.I. 10, 14) Plaintiffs also filed their opposition to the motion to transfer (D.I. 14), to which defendant has replied. (D.I. 19)

2. **Background.** Plaintiff Thales Airborne Systems S.A. is a French corporation and owns the rights to the patents-in-suit. (D.I. 6, **Ex.** A) Plaintiff Thales Avionics S.A. is also a French corporation and has been granted licenses and the right to enforce the patents-in-suit. (Id.) Thales S.A. ("Thales"), a French corporation, is the parent corporation of both plaintiffs. (Id.) Thales Avionics, Inc., a Delaware corporation with its principal place of business in New Jersey, is a wholly-owned subsidiary of Thales, but is not a party to either the Delaware or New Jersey action.[2] (D.I. 14 at 10)

3. Defendant Universal Avionics Systems Corporation is an Arizona corporation with its principal place of business in

---

[2]The parties disagree about the significance of Thales Avionics, Inc. to both motions. See infra ¶¶ 10-12.

Arizona.    Defendant and plaintiffs are competitors in the

avionics equipment market, including terrain awareness and

warning systems ("TAWS").    In May 2005, Thales sent a letter to

defendant alleging that its manufacturing and sale of its TAWS

products infringed the patents-in-suit.    (D.I. 6 at 2)

Subsequently, both parties engaged in negotiations regarding the

patents-in-suit and entered into a standstill agreement

prohibiting either party from initiating litigation through

December 9, 2005.    (Id.)

    5.    **Standard of Review.**  Under 28 U.S.C. § 1404(a), a

district court may transfer any civil action to any other

district where the action might have been brought for the

convenience of parties and witnesses and in the interests of

justice.    Congress intended through § 1404 to place discretion in

the district court to adjudicate motions to transfer according to

an individualized, case-by-case consideration of convenience and

the interests of justice.   Stewart Org., Inc. v. Ricoh Corp., 487

U.S. 22, 29 (1988);  Affymetrix, Inc. v. Synteni, Inc., 28 F.

Supp.2d 192, 208 (D. Del. 1998).

    6.    The burden of establishing the need to transfer rests

with the movant "to establish that the balance of convenience of

the parties and witnesses strongly favors the defendants."

Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing

Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

3

"Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

7.    The deference afforded a plaintiff's choice of forum will apply as long as the plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

8.    The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it

characterized as either private or public interests.  The private
interests include:  "(1) plaintiff's forum preference as
manifested in the original choice; (2) defendant's preference;
(3) whether the claim arose elsewhere; (4) the convenience of the
parties as indicated by their relative physical and financial
condition; (5) the convenience of the witnesses but only to the
extent that the witnesses may actually be unavailable for trial
in one of the fora; and (6) location of books and records
(similarly limited to the extent that the files could not be
produced in the alternative forum)."  Id. (citations omitted).

        9.  The public interests include:  "(1) the enforceability
of the judgment; (2) practical considerations that could make the
trial easy, expeditious or inexpensive; (3) the relative
administrative difficulty in the two fora resulting from court
congestion; (4) the local interest in deciding local
controversies at home; (5) the public policies of the fora; and
(6) the familiarity of the trial judge with the applicable state
law in diversity cases."  Id. (citations omitted).

        10.  **Discussion.**  Defendant asserts that its choice of forum
should be given greater deference than plaintiffs' choice of
forum because plaintiffs did not file suit on their "home turf."
(D.I. 10 at 16)  Defendant also points out that none of the
parties are incorporated in Delaware, nor does any party have a
physical presence in Delaware.  (Id.)  Defendant suggests that

                                    5

litigation in New Jersey would be more convenient and less expensive because of plaintiffs' "substantial ties" to New Jersey through the headquarters of Thales Avionics, Inc.  (D.I. 19 at 3) Lastly, defendant contends that "the interest of justice" requires the case be transferred because "the Delaware action could not dispose of all remaining issues between the parties."[3] (Id. at 4)

11.   Plaintiffs contend that, as French corporations, Delaware is their "home turf," so their choice of forum should be given full deference.  (D.I. 14 at 19)  Additionally, plaintiffs argue that Delaware has an interest in the litigation because defendant's allegedly infringing products are sold in the State. Plaintiffs repeatedly question the benefits of a New Jersey forum because none of the parties are incorporated or maintain a physical presence in New Jersey.  (D.I. 14 at 21 n.12)  Lastly, there is a suggestion in the record that plaintiffs may challenge personal jurisdiction in New Jersey, which could affect the efficiency of litigation in New Jersey, as well as the enforceability of any judgment from a New Jersey court.  (Id. at 20)

12.   Weighing the parties' arguments against the Jumara balancing test, the court finds that the asserted advantages of moving the case to the District of New Jersey are insufficient to

---

[3]The "remaining issues" being the '631 and '654 patents.

warrant a transfer. Much argument is made over the ties between plaintiffs and New Jersey-based Thales Avionics, Inc. Although plaintiffs share similar names with Thales Avionics, Inc. and all three corporations have the same corporate parent, neither Thales Avionics, Inc., nor Thales, are parties to this action. Defendant has not shown that Thales Avionics, Inc. has any connection to this patent infringement action, let alone a strong enough connection such that plaintiffs' choice of forum should be ignored.

13. Beyond the factors regarding the forum preferences of the parties, most of the Jumara factors do not favor either jurisdiction. For a patent infringement suit between an Arizona corporation and two French corporations, New Jersey and Delaware seem equally inconvenient for all parties. While defendant correctly points out that no party has a physical presence in Delaware, the same is true of New Jersey. Both parties argue that the other side's choice of forum makes little sense, but only plaintiffs maintain the ability to challenge jurisdiction in one of the forums in question. Transfer of this action is only appropriate to a jurisdiction where the action "might have been brought," and long delays could result were plaintiffs to challenge personal jurisdiction in the New Jersey declaratory judgment action.

7

14.   Defendant contends that "the interest of justice" requires the case be transferred because additional issues exist in the pending New Jersey action that are not addressed in this Delaware action.   Defendant is free to raise the additional patents in the action at bar in order to resolve them in one proceeding.

15.   **Conclusion.**   For the reasons stated, defendant's motion to transfer (D.I. 9) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to enjoin (D.I. 5) is granted in part and denied in part, for the reasons that follow:

1.   **Standard of Review.**   It has long been settled that "a United States district court which first obtains jurisdiction of the parties and issues may . . . enjoin proceedings involving the same issues and parties begun thereafter in another United States district court."   Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 927 (3d Cir. 1941).   While invocation of this "first-filed" rule is the norm, exceptions are not rare, and district courts are given discretion in retaining jurisdiction "when justice or expediency requires."   Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993); EEOC v. University of Pennsylvania, 850 F.2d 969, 972 (3d Cir. 1988).

2.   Although courts hearing patent cases must apply "the procedural law of the regional circuit in matters that are not

8

unique to patent law, . . . the regional circuit practice need
not control when the question is important to national uniformity
in patent practice." Laboratory Corporation of America Holdings
v. Chiron Corp., 384 F.3d 1326, 1330 (Fed. Cir. 2004). The
Federal Circuit has held that "injunctions arbitrating between
co-pending patent declaratory judgment and infringement cases in
different district courts are reviewed under the law of the
Federal Circuit." Id. at 1331. In this context, co-pending
patent infringement and declaratory judgment actions are those
involving "the same patents and the same parties." Id. at 1328.

3.  **Discussion.** The parties spend much of their briefs
arguing over whether the first-filed rule applies to actions
filed within hours of one another, while comparatively little
argument is made over whether the first-filed rule applies when
the second action involves additional patents. In APV North
America, Inc. v. Sig Simonazzi North America, Inc., 295 F.
Supp.2d 393, 398 (D. Del. 2002), the court refused to use the
first-filed rule to dismiss a case because the second case
involved "different patents and different technologies."
Although all four of the patents asserted in the New Jersey
declaratory judgment action involve TAWS technology, the '631 and
'654 patents arguably involve different aspects of this broad
category of technology than do the '563 and '282 patents asserted
at bar.  (D.I. 19 at 7)

9

4.    Plaintiffs cite several cases for the proposition that only the same general subject matter between the two actions is needed if additional claims are raised in a subsequently-filed action.  (D.I. 14 at 15)  None of the cases cited are Federal Circuit patent cases, however, and while the Federal Circuit has a strong preference for adhering to the first-filed rule, its application seems limited to actions "involving the same patents."  Laboratory Corporation, 384 F.3d at 1328.

5.    **Conclusion.**  In light of the above discussion and the court's decision to deny defendant's motion to transfer this action to the District of New Jersey, plaintiffs' motion to enjoin the New Jersey declaratory judgment action is granted to the extent it involves the '563 and '282 patents at issue in the instant litigation.

United States District Judge

10