IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THALES AIRBORNE SYSTEMS S.A.      )
and THALES AVIONICS S.A.,         )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )      C.A. No. 05-853-SLR
                                  )
UNIVERSAL AVIONICS SYSTEMS        )
CORPORATION,                      )
                                  )
            Defendant.            )

## O R D E R

At Wilmington this        day of                , 2006, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures**. The parties will exchange by September 15, 2006

the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.      **Discovery**.

(a)     Discovery will be needed on the following subjects:

(1)     Whether products manufactured, used, sold, or offered for sale by

Universal infringe claims of the two patents in suit.

(2)     Whether any such infringement by Universal was willful.

(3)     Damages arising from any such infringement.

(4)     Validity and enforceability of the patents in suit.

(b)     All fact discovery shall be commenced in time to be completed by June 15, 2007 [August 31, 2007].[1]

(1)     Document production shall be completed on or before April 6, 2007 [May 31, 2007].

(2)     Maximum of 25 interrogatories by each party to any other party.

(3)     In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

(4)     Maximum of 50 requests for admission by each party to any other party.

(5)     In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)     Maximum of 100 hours of fact deposition by plaintiffs and 100 hours by defendant. Each fact deposition limited to a maximum of 7 hours unless agreed to by parties or otherwise directed by court.

(c)     Expert discovery shall be commenced in time to be completed by September 14, 2007 [November 12, 2007].

---

[1]     Plaintiffs' proposed dates and terms are included in the text of the proposed order. To the extent there is disagreement between the parties, Defendant's proposed dates and terms are in brackets and immediately follow Plaintiffs' proposed dates and terms.

(1)    Expert reports on issues for which the parties have the burden of proof due July 27, 2007 [October 1, 2007]. Rebuttal expert report due August 17, 2007 [October 22, 2007].

(2)    Expert depositions to be limited to a maximum of 14 hours (no more than 7 hours per day) unless extended by agreement of the parties.

(3)    All Daubert motions shall be filed on or before October 3, 2007 [November 26, 2007].

(d)    If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiffs as to whether it intends to rely on advice of counsel by February 9, 2007 [March 5, 2007]. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e)    Supplementation under Rule 26(e) of written responses to discovery should be made no later than June 27, 2007 [August 31, 2007]. Final supplementation of disclosures should be made no later than September 14, 2007 [October 1, 2007].

(f)    **Discovery Disputes.**

(1)    The court shall conduct in-person discovery status conferences on March 23, 2007 [April 24, 2007] (or as soon thereafter as the court's calendar permits) from _____.m. to _____.m., and on May 31, 2007 [August 14, 2007] (or as soon thereafter as the court's calendar permits) from _____.m. to _____.m., the time to be allocated equally among the parties.

(2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

3

(g)    **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness that the party intends to call at trial (including any expert witness who is also expected to give fact testimony), so long as such fact witness or fact testimony of an expert has previously been disclosed [during fact discovery]. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before May 21, 2007 [August 2, 2007].

4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.    **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on April 27, 2007 [July 27, 2007], the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.    **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before October 3, 2007 [December 3, 2007]. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court. Response briefs should be filed on or before October 29, 2007 [December 24, 2007], and reply briefs should be filed on or before November 12, 2007 [January 7, 2008].

7.    **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on June 27, 2007 [August 31, 2007], with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on September 21, 2007 [November 19, 2007]. Simultaneous response briefs should be filed by October 22, 2007 [December 17, 2007]. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on December 17, 2007 [February 13, 2008] (or as soon thereafter as the court's calendar permits) at _____.m.

8.    **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.    **Motions in Limine**. **No** motions in limine shall be filed; instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.    **Pretrial Conference**. A pretrial conference will be held on January 11, 2008 [March 26, 2008] (or as soon thereafter as the court's calendar permits) at _____.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial**. This matter is scheduled for a 10-day jury trial commencing on February 11, 2008 [April 7, 2008] (or as soon thereafter as the court's calendar permits) in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Chief Judge

172858.1