IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THALES AIRBORNE SYSTEMS S.A.<br>and THALES AVIONICS S.A., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civ. No. 05-853-SLR |
| UNIVERSAL AVIONICS SYSTEMS<br>CORPORATION, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

O R D E R

At Wilmington this         day of                  , 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures.** The parties will exchange by September 15, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  **Discovery.**

    (a) Discovery will be needed on the following subjects:

    (1) Whether products manufactured, used, sold, or offered for sale by Universal infringe claims of the two patents in suit.

    (2) Whether any such infringement by Universal was willful.

    (3) Damages arising from any such infringement.

    (4) Validity and enforceability of the patents in suit.

    (b) All fact discovery shall be commenced in time to be completed by July 20, 2007.

    (1) Document production shall be completed on or before May 11, 2007.

   (2) Maximum of 25 interrogatories by each party to any other party.

   (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

   (4) Maximum of 50 requests for admission by each party to any other party.

   (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

   (6) Maximum of 100 hours of fact deposition by plaintiffs and 100 hours by defendant. Each fact deposition limited to a maximum of 7 hours unless agreed to by parties or otherwise directed by court.

  (c) Expert discovery shall be commenced in time to be completed by September 25, 2007.

   (1) Expert reports on issues for which the parties have the burden of proof due August 14, 2007. Rebuttal expert report due September 4, 2007.

   (2) Expert depositions to be limited to a maximum of 14 hours (no more than 7 hours per day) unless extended by agreement of the parties.

   (3) All <u>Daubert</u> motions shall be filed on or before October 16, 2007.

  (d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiffs as to whether it intends to rely on advice of counsel by March 5, 2007. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e)     Supplementation under Rule 26(e) of written responses to discovery should be made no later than July 20, 2007.  Final supplementation of disclosures should be made no later than September 18, 2007.

(f)     **Discovery Disputes.**

(1)     The court shall conduct an in-person discovery status conference on April 10, 2007 at 4:30 p.m., the time to be allocated equally among the parties.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during discovery and who it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.     **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before June 5, 2007.

4.     **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.     **Claim Construction Issue Identification.**  If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on May 25, 2007, the

3

parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.  **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before October 9, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court. Response briefs should be filed on or before November 6, 2007, and reply briefs should be filed on or before November 21, 2007.

7.  **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on July 20, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on October 2, 2007. Simultaneous response briefs should be filed by October 30, 2007. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on December 17, 2007 at 9:30 a.m.

8.  **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b)  No telephone calls shall be made to chambers.

    (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing

Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.  **Motions in Limine**. No motions in limine shall be filed; instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on February 21, 2008 (or as soon thereafter as the court's calendar permits) at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a 10-day jury trial commencing on March 10, 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Chief Judge

173378.1